**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Herman Belton, #256396, ) | |
| ) | Civil Action No.: 6:15-cv-00262-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden of Broad River Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Petitioner Herman Belton ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of counsel, defective indictment, manufactured evidence, and prosecutorial misconduct. (ECF No. 1). Petitioner is currently incarcerated at the Broad River Correctional Institution within the South Carolina Department of Corrections ("SCDC"). This matter is before the court on Respondent's Motion for Summary Judgment (ECF No. 16).

    In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Kevin McDonald, for pre-trial handling. On September 11, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 32). This review considers Petitioner's Objection to the Report and Recommendation ("Objections"), filed October 2, 2015. (ECF No. 34).

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

    The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this

1

summary as its own. (*See* ECF No. 32). The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

In June 2006, the Anderson County Grand Jury issued an indictment charging Petitioner with trafficking crack cocaine. (ECF No. 32 at 1). A jury trial was held on February 5-6, 2007, before the Honorable Thomas W. Cooper, Jr. (*Id.*). The jury found Petitioner guilty as charged, and Judge Cooper sentenced Petitioner to twenty-five years imprisonment. (*Id.* at 2). Petitioner, represented by appellate counsel, filed a direct appeal of his conviction and sentence in the South Carolina Court of Appeals raising only one issue: whether the trial judge erred in denying Petitioner's motion to suppress the drugs where there was no probable cause to stop him. (*Id.* at 4). On November 19, 2009, the Court of Appeals dismissed Petitioner's appeal. Petitioner filed petitions for rehearing, which were denied on January 21, 2010. (*Id.*)

Subsequently, on February 24, 2010, Petitioner filed an Application for Post-Conviction Relief ("PCR"), which was dismissed on November 10, 2011, following an evidentiary hearing. (*Id.* at 6). Petitioner did not file a motion to alter or amend. Petitioner, through counsel, timely filed a petition for writ of certiorari raising two issues: (1) whether the PCR court erred in not finding counsel ineffective for failing to object to the admission of the drugs at trial even after making a pretrial motion to suppress; and (2) whether the PCR court erred in failing to find trial counsel ineffective for not objecting to the indictment which was not true billed during a term of the General Sessions Court. (*Id.*) On July 3, 2014, the South Carolina Court of Appeals denied the petition. (*Id.* at 7).

Petitioner filed the instant habeas Petition on January 20, 2015, alleging four grounds for relief: (1) ineffective assistance of counsel for performance during critical states of criminal proceeding; (2) defective indictment; (3) Fabricated evidence—lab results were manipulated,

2

altered, and changed; and (4) prosecutorial misconduct where prosecution withheld an exculpatory SLED lab report. (ECF No. 1 at 5, 6, 8, 10). On April 15, 2015, Respondent filed a Motion for Summary Judgment along with a Return and Memorandum of Law in Support of Motion for Summary Judgment. (ECF Nos. 16, 17). On April 16, 2015, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedures and the time period for filing a response. (ECF No. 18). Petitioner filed a response in opposition on June 19, 2015, after being granted an extension to file by the court. (ECF No. 24).

On September 11, 2015, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition. (ECF No. 32). Petitioner supplemented his initial petition with a memorandum raising additional claims. The Magistrate Judge considered the following grounds: Ground One—all ineffective assistance of counsel claims; Ground Two—defective indictment; Grounds Three and Four (considered together)—due process claims and prosecutorial misconduct claims concerning evidence; and Ground Five—stand-alone Fourth Amendment claim. The Magistrate Judge found that a number of the sub-claims raised in Ground One are barred with the exception of Petitioner's claim alleging that counsel was ineffective for failing to challenge the indictment. The Magistrate Judge determined that the indictment charging Petitioner was valid on its face. (ECF No. 32 at 19). The Magistrate Judge further determined that the indictment was lawfully obtained such that counsel's performance in failing to challenge the indictment was not deficient. The Magistrate Judge also found that Petitioner could not demonstrate prejudice. (*Id.* at 20). With respect to Ground Two, the Magistrate Judge found that the claim was procedurally barred as a stand-alone claim. (*Id.* at 27).

Additionally, the Magistrate Judge determined that Grounds Three and Four are procedurally barred because those claims were not exhausted in the state courts. (*Id.* at 28). The

3

Magistrate Judge determined that Petitioner could not demonstrate cause or prejudice to excuse the default as to the claims. (*Id.*)  With respect to ground Five, the Magistrate Judge found that because the state provided a full opportunity for Petitioner to address his Fourth Amendment claim, it is not cognizable on habeas review.  (*Id.* at 30-31).

Petitioner timely filed his Objections on October 2, 2015.[1]  (ECF No. 34).

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976).  This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions.  *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report.  28

---

[1] Petitioner also submitted additional letters and documents to the court after filing Objections. (*See* ECF Nos. 36-38, 40-41). The court has reviewed these documents, and will consider them as if filed contemporaneously with Petitioner's initial Objections.

4

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner filed extensive Objections to the Magistrate Judge's Report, largely consisting of detailed explanations of his perception of the evidence in this case along with detailed summaries of relevant case law. The majority of Petitioner's Objections do not outline specific errors in the Report, however, Petitioner seems to object to the Magistrate Judge's finding that his procedurally barred claims should not be excused. Specifically, Petitioner asserts that an allegation of actual innocence permits this court to review his claims even where they are procedurally defaulted. (ECF No. 34 at 8). Additionally, Petitioner objects to the Magistrate Judge's Report because it does not demonstrate actual or constructive possession of drugs. (*See id.*; ECF No. 38 at 11). Finally, Petitioner seems to disagree with the factual basis relied upon by the Magistrate Judge in the Report. (ECF No. 34).

Because this court finds that Petitioner has raised specific objections to the Report, this court has conducted a *de novo* review with respect to Petitioner's specific objections. With respect to findings that were not the subject of any specific objections of Petitioner, this court has reviewed the Report and has not found clear error.

5

It appears to this court that Petitioner is asserting that he is actually innocent of the crime for which he was convicted, and as a result, this court should consider his procedurally defaulted claims. Furthermore, Petitioner appears to make the argument that the evidence used to convict him at trial was insufficient to support the conviction. In general, the doctrine of procedural default limits federal habeas review of state convictions, however, the Supreme Court of the United States has recognized an exception where a "petitioner's incarceration represents a fundamental miscarriage of justice." *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010). The exception recognized by the Court excuses a procedural default where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Provided a Petitioner presents new and reliable evidence supporting a claim of actual innocence, a habeas court must determine whether "it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The court must make this assessment based on all evidence, old and new, regardless of whether the evidence would actually be admissible at trial. *House v. Bell*, 547 U.S. 518, 538 (2006). Petitioner has presented no new evidence to bolster his claim of actual innocence, instead, Petitioner seemingly asserts that the evidence used to convict him at trial was insufficient.

As a threshold matter, Petitioner did not raise any insufficiency of the evidence claims during any of his state court proceedings. At any rate, a federal habeas court may set aside a conviction for insufficiency of the evidence if it finds that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). In reviewing the evidence, the court must view the evidence in the light most favorable to the

prosecution. *McDaniel v. Brown*, 558 U.S. 120, 133. This standard requires the court to determine whether there is sufficient evidence that, if credited, could support the conviction. *Id.*

In this case, the state was required to prove that Petitioner knowingly and unlawfully possessed between 100 and 200 grams of crack cocaine. (ECF No. 17-2 at 3). At trial, the state introduced testimony from the police officers who arrested Petitioner. Both testified that they were patrolling an area known for elevated levels of drug activity, and were specifically called to check on a house for which a number of complaints had been received. (ECF No. 17-1 at 80-81). Both testified that they saw Petitioner's bicycle parked at the house when they drove by. (ECF No. 17-1 at 81). The officers testified that they were able to identify Petitioner's bicycle from previous encounters with him. (*Id.*) The officers further testified that moments later when they drove by the house again, Petitioner's bicycle was no longer there. (*Id.* at 81-82). They eventually caught up to Petitioner and asked to speak with him. The officers testified that they noticed Petitioner was holding something wrapped in tin foil. (*Id.* at 83). The officers further testified that Petitioner did not stop to speak with the officers, but instead, fled into a nearby wooded area. (*Id.* at 84). The officers gave chase and caught up with Petitioner after he had fallen in a thicket a short distance away. One of the officers detained Petitioner and took him back to the street to speak with him. The other officer returned from the woods a short time later with the tin foil object Petitioner dropped. (ECF No. 17-1 at 83-85). The officer testified that the object was Petitioner's because it was still warm and damp, but it was a cold night which indicated that the object was just recently placed on the ground. (*Id.*) Further, there were no other people out that night, and the section of the woods where Petitioner fell was not suitable for foot traffic. (*Id.*) When the officer unwrapped the tin foil, it revealed a large object that resembled crack cocaine. (*Id.*) Petitioner was also found in possession of a drug scale, but that evidence was suppressed at trial. The foil-wrapped object

7

was later tested and determined to be crack cocaine in an amount of about 106 grams. (*Id.* at 86). This evidence, taken in the light most favorable to the state, could reasonably lead a rational trier of fact to find that Petitioner possessed over 100 grams of crack cocaine.

Although Petitioner alleges that the state tampered with the evidence, this court does not find any evidence of tampering. Despite the fact that the evidence intake form was notarized about a month before the evidence was collected, the other dates on the form are consistent and contemporaneous with the date of Petitioner's arrest. (ECF No. 38-3 at 3). Furthermore, there is no evidence to contradict the chain of custody testimony provided by the state. The evidence was initially collected and placed in a sealed bag. Later, the drug evidence was removed from the sealed bag and placed in another sealed paper bag so that it could dry for testing. (ECF No. 17-1 at 86-87). Testimony at Petitioner's PCR evidentiary hearing reveals that the strike-outs coupled with initials are consistent with the transfer of the drug evidence from one sealed bag to another. (ECF No. 17-2 at 110-11). Thus, this court does not find that no rational trier of fact should have found Petitioner guilty beyond a reasonable doubt.

Based on this court's review, the evidence presented at trial was sufficient to convict Petitioner. Accordingly, since Petitioner has not presented any new evidence to cast doubt upon the legitimacy of his conviction, Petitioner has not demonstrated that he is entitled to relief pursuant to an actual innocence exception. Thus, the Magistrate Judge properly concluded that Petitioner could not demonstrate cause to excuse the default with respect to his procedurally barred claims.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate Judge (ECF

No. 32). It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 21, 2016
Columbia, South Carolina

9