IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Herman Belton, #256396, | ) | |
| | ) | Civil Action No. 6:15-cv-00262-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden of Broad River Correctional Institution, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court for review of Petitioner Herman Belton's ("Petitioner") Motion to Alter or Amend a Judgment (ECF No. 45) ("Motion"), requesting the court reconsider the March 22, 2016 Order and Opinion (ECF No. 42) ("Order"), which granted Respondent's Motion for Summary Judgment (ECF No. 16) and dismissed Petitioner's Complaint (ECF No. 1) with prejudice. For the reasons below, the court **DENIES** Petitioner's Motion (ECF No. 45).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Magistrate Judge's Report (ECF No. 32) is accurate and the court adopts the summary as its own. For that reason, the court will only recite facts pertinent to the analysis of Petitioner's Motion (ECF No. 45).

Petitioner filed a Petition for Writ of Habeas Corpus that included an allegation of ineffective assistance of counsel. (ECF No. 1.) On September 11, 2015, the Magistrate Judge filed a Report and Recommendation ("Report") concluding that Respondent's Motion for Summary Judgment should be granted. (ECF No. 32.) This court agreed with the Magistrate Judge's Report (*id.*), thereby granting Respondent's Motion for Summary Judgment (ECF No.

1

16) and dismissing Petitioner's Complaint (ECF No. 1) with prejudice. (ECF No. 42.) On May 9, 2016, Petitioner filed a Motion to Alter or Amend Judgment (ECF No. 45).[1]

## II. LEGAL STANDARD

Under Rule 59(e) of the Federal Rules of Civil Procedure, a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law; (2) new evidence that was not available at trial; or (3) that there has been a clear error of law or a manifest injustice. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these grounds in order to obtain relief under Rule 59(e). *Loren Data Corp. v. GSX, Inc.*, 501 Fed. Appx. 275, 285 (4th Cir. 2012). The decision whether to reconsider an order pursuant to Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 43 F.3d 1376, 1382 (4th Cir. 1995).

## III. ANALYSIS

Petitioner sought habeas corpus relief pursuant to § 2254, but could not demonstrate he was entitled to relief pursuant to an actual innocence exception. (ECF No. 42 at 8.) In the instant motion, the court observes that Petitioner neither presents evidence of an intervening change in the law nor any new evidence that was not available at trial.

However, Petitioner seems to argue that the Order contains a clear error of law or a manifest injustice. Notably, Petitioner alleges this court "[d]id not lay to rest Petitioner's ineffective assistance of counsel claims based on trial counsel's failure to contemporaneously

---

[1] The court recognizes Petitioner's Motion was timely despite the May 9, 2016 filing date falling outside the requisite twenty-eight (28) day filing period. The Order and Opinion on Respondent's Motion for Summary Judgment was filed on March 21, 2016. The Broad River Correctional Institute Mailroom marked Petitioner's envelope as "Received" on April 7, 2016. (ECF No. 45-1 at 1.)

object to the State's introduction of drug evidence against him. Where such admission over a proper object [sic] is subject to appellate review." (ECF No. 45 at 3.)

Conversely, this court refers to the Magistrate Judge's determination that counsel's failure to challenge the indictment was not deficient because the indictment was lawfully obtained. (ECF No. 32 at 20.) Moreover, Petitioner was unable to demonstrate prejudice. (*Id.*) Petitioner objected to the Report (ECF No. 32), but did not state a specific objection regarding the ineffective assistance of counsel claim. (ECF No. 42 at 5.) Upon thorough review, the court is satisfied that no clear error of law or manifest justice appears within the March 22, 2016 Order (ECF No. 42).

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the record in the instant case, this court **DENIES** Petitioner's Motion to Alter or Amend a Judgment (ECF No. 45).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 24, 2016
Columbia, South Carolina

3